## J. G. WESTMORELAND VS. A. J. WOOTEN.

1. LANDLORD AND TENANT: *Lien thereof.* *Acts of* 1872 *and* 1873.

   These acts of the legislature give a lien to the landlord on the cotton produced by his tenants for his payment, but do not give the landlord a right of action against the purchase of the cotton for its value. These acts furnish the means of enforcing the lien, and make it penal to remove any part of the crop until it is discharged.

2. SAME: *Nature of the lien.*

   A lien is the right to resort to the thing on which it operates, and cotton subject to such lien may be followed and seized, just as property liable to a judgment lien may be; but the purchaser of such cotton is not liable for its value, any more than one who obtains and disposes of property subject to a judgment lien is liable. A landlord has no right of property in the cotton raised by his tenants. He has a claim which entitles him to seize it in a particular mode provided by the act, but he cannot maintain trover or assumpsit against the purchaser.

NOTE. — Whether one who colludes fraudulently with a tenant to aid him in defeating the lien of the landlord by a sale and removal of the product subject to the lien could be held responsible, at the appropriate suit of the landlord, for the injury he sustains, is not decided.

ERROR to the Circuit Court of *Marshall* County.

Hon. ORLANDO DAVIS, Judge.

The facts of this case sufficiently appear in the opinion of the court.

*Lawrence Johnson,* for plaintiff in error, insisted :

1. That defendant in error had only a lien on the cotton for his rent, and this claim could only be enforced by bill in equity or in

law, strictly according to the terms of the statute giving him the lien ; that there was no writ of seizure prayed for or granted in this case, and no judgment with writ of possession rendered. Acts of 1872, p. 132 ; Acts of 1873, p. 79.

2. That a lien is a mere right of detaining the property of another until some claim be satisfied, and the party claiming the lien should have an actual or constructive possession.   Benjamin on Sales, 596 ;  Story on Sales, § 283 ;  Smith's Mer. Law, 697. It is not a *jus in rem* nor *ad rem*, but a charge upon it.   Stewart *v.* Flowers, 44 Miss., 517 ; Lewis *v.* Beatty, 33 id., 80 ; 1 Story Eq. Jur., § 506.   The proceeding should have been against the thing itself to enforce the lien.   It must be found and seized, or there is no remedy.

3. That no lien attached to this cotton in favor of Wooten under his specific contract with Smith ; that the contract was a renting and not a working on shares, and the landlord can have a lien only where lands are cultivated on shares.   Act of 1873, § 1 ; Arbuckle *v.* Nelms, 50 Miss., 556 ; Buck *v.* Paine & Raines, id., 654.

4. That the act of 1873 must be strictly construed, and that it was not intended by the legislature that there should be a lien against a purchase of the cotton in open market.

*Manning & Watson*, for defendant in error.

Can a tenant sell the interest or share of the crop which his landlord has for the rent of his lands, and give title thereto in the very face of the act of 1873, which provides that "such interest or share of the crop shall not be liable for any debt created or suffered by any tenant, whether such debt be reduced to judgment or not ? "

It is contended by plaintiff in error that when the tenant sold the cotton to him, that defendant in error had no remedy ; that the only step that could be taken under the act of 17th April, 1873, would be to punish the seller.   The case of Lee *v.* Portwood, 41 Miss., 109, has no application to this case.   It is not within that class.   This court, in the case of Arbuckle *v.* Nelms, 50 Miss.,

556, said that "the rent in kind was beyond the power of the tenant for any debt contracted by him ; that the act of 17th April 1873 "was designed to give security on the crop itself, so that it could not be incumbered to the prejudice of the interest of the landlord." It will be observed that said act does not speak of a lien in favor of the landlord, but protects him in his "interest or share of the crop" against "any debt created or suffered by any tenant, whether such debt be reduced to judgment or not." But even if a lien exists in favor of the landlords, this view would not prejudice defendant in error. He is safe either way. Wooten was guilty of no laches in this case. The cotton was to have been delivered by the 1st of November, 1874; on the 23d of October, Westmoreland bought from the tenant, although he was told by the tenant that said cotton was raised on Wooten's land. The contract thoroughly negatives the idea suggested by plaintiff in error, that Wooten was not to have a share of the crop. The language employed in said contract on this point is : "The parties of the second part are to pay the party of the first part four bales of the first cotton gathered (meaning, of course, gathered from the land described in the contract), weighing each 500 pounds, and to deliver said cotton in Holly Springs by the 1st of November, 1874." It does not require a liberal construction of said contract to sustain our view ; but if it does, this court will indulge such liberal construction.

CAMPBELL, J., delivered the opinion of the court.

Wooten rented land in Marshall county, for the year 1874, to Mark and James Smith, for four bales of cotton, to be delivered by 1st November, 1874. All of the rent was paid to Wooten except about $67 worth of cotton. Westmoreland bought of one of the tenants two bales of the cotton raised by them in 1874, on Wooten's land, and Wooten having demanded the surrender of the two bales by Westmoreland, and been denied his demands, brought suit against him for $150, the alleged value of said two bales. On trial in the circuit court, on appeal from the judgment

of a justice of the peace, Wooten obtained judgment against Westmoreland for so much of the value of the two bales bought by him as was due Wooten for rent, as aforesaid, which recovery is assigned here as error.

Under the act approved 5th April, 1872, pamphlet acts, p. 132, and the amendment of 17th April, 1873, pamphlet acts, p. 79, Wooten had a lien on the cotton produced by his tenants for his payment, but he did not have a right of action against the purchaser of the cotton for its value. The statutes cited create a lien and provide means for its enforcement, and to insure the continuance of the crops within reach of the machinery provided for the enforcement of the lien, it is made penal to remove any part of the crops until the liens are discharged. It is nowhere intimated that a right of action shall exist against a purchaser of the crops subject to a lien for the value. A lien is a right to resort to the thing on which it operates, and cotton subject to such lien may be followed and seized, just as property liable to a judgment lien may be; but the purchaser of such cotton is not liable for its value, any more than one who obtains and disposes of property subject to a judgment lien is so liable. Dozier v. Lewis, 27 Miss., 679.

Wooten had no right of property in the cotton. He had a claim which entitled him to seize it in a particular mode provided by statute, but this did not entitle him to maintain trover or assumpsit against Westmoreland.

Whether one who colludes fraudulently with a tenant, to aid him in defeating the lien of the landlord by a sale and removal of the product subject to the lien, could be held responsible at the appropriate suit of the landlord for the injury he sustained, is not now decided.

The judgment is reversed, and cause remanded to be proceeded with as though no trial had been had.