H. C. CLOUD ET AL. *v.* THE STATE, USE OF W. C.
McALEXANDER.

1. AGRICULTURAL LIEN. *Privilege. Not property.*
    One having a lien under the statute of 1867, entitled an " Act to en-
    courage agriculture," has no property in the products covered by the
    lien, but only a privilege to pursue the things and subject them to
    payment of the debt secured.
2. SAME. *Sale under execution. Remedy. Case in judgment.*
    M. had a lien, under the act of 1867, for the encouragement of agricul-
    ture, upon a certain lot of cotton. C., a constable, under an execution
    in favor of P. against V., levied on and sold the cotton. C. had con-
    structive notice before the levy, and actual notice at the time of levy
    and before sale, of M.'s lien. M. sued C. and his sureties upon his
    official bond for damages. *Held,* that M. had no cause of action
    against C. ; that his remedy was against the cotton, which he could
    have followed into the hands of the purchaser and subjected to his
    lien ; and that the notice to C. did not affect the rights of M. or the
    liability of C.

ERROR to the Circuit Court of Marshall County.

Hon. J. W. C. WATSON, Judge.

An action was brought in the name of the State for the use
of W. C. McAlexander against H. C. Cloud, and his sureties,
upon his official bond given as constable. The breaches as-
signed were that Cloud, as constable, levied an execution in
favor of one G. P. Phillips against C. E. Vandergriff, upon
sixteen hundred and eighty pounds of lint cotton, and sold
the same; upon which cotton McAlexander had a lien
under the " Act for the encouragement of agriculture,"
approved Feb. 19, 1867. It was averred that the contract,
upon which the usee's lien arose, was duly recorded and
registered according to law in May of 1872, and the levy
and sale by the defendant Cloud did not take place till some
time in 1873; that Cloud was notified by the plaintiff of
the existence of said lien at the time of the levy, and again
before the sale of the cotton, and forbidden to proceed with
such sale; but that he proceeded to sell, at a sacrifice, the said
cotton, which was bought in by Phillips, the plaintiff in exe-

cution, and carried out of the county and State, and placed beyond the reach of legal process.

The defendants demurred to the declaration, because "the facts in the plaintiff's declaration stated are insufficient in law to sustain his action." Other grounds of demurrer were assigned, but not considered by this court. The demurrer was overruled, and the defendants pleaded to the action. The case was tried; verdict for the plaintiff, final judgment, motion for a new trial, and writ of error. Several grounds of error were assigned, but the only one considered by this court was the action of the court below in overruling the demurrer to the declaration.

*Watson & Smith*, for the plaintiffs in error.

The demurrer to the declaration should have been sustained; for, even if the usee did have a lien on the cotton, he could have pursued his remedy against it, and have foreclosed the lien, either before sale after levy, or after the sale was made. *Johnston* v. *Crowley*, 25 Ga. 316; *Deval* v. *Brandt*, 53 N. Y. 462.

*Manning & Watson*, on the same side.

*Featherston, Harris & Watson*, for the defendant in error.

1. These agricultural liens are the creatures of statute, and were rendered necessary by the anomalous condition of affairs consequent upon the late war. They were intended to give, and did give, the mortgagee or trustee a right prior and paramount to all others. Sheet Acts of 1867, p. 569.

2. Until McAlexander's lien was discharged by payment, the legal title to the cotton was in him. It may be that Vandergriff had an equity of redemption in the cotton; but if this be true, it was not subject to be levied on and sold under execution. The cotton was levied on and sold in 1873, and the "acts of 1872," p. 53, approved 28th of March, 1872, gave exclusive jurisdiction, in all cases when the equity of redemption is sought to be sold, to the Chancery Courts. This act was not repealed until the 14th of February, 1874. Acts of 1874, p. 28.

SIMRALL, C. J., delivered the opinion of the court.

This was a suit brought by the usee against Cloud, and

the sureties on his bond, as constable, for a levy upon and sale of cotton, on which McAlexander, usee, claimed a lien under the act of 1867, for the encouragement of agriculture.

Counsel on both sides have argued the case on the predicate of law, that if the agricultural lien claimed by McAlexander is older than the lien of the judgment under which Cloud, the constable, sold the cotton, then the plaintiff had established a cause of action, and ought to recover the value of the cotton, or so much as would be equal to the lien debt and interest. But does the " Act for the encouragement of agriculture," passed in 1867, give a property or right of property in the things to which the lien attaches?

The " lien " is created by filing the contract, or a copy, in the Circuit Court clerk's office, and by enrolling the abstract of it, as directed in the third section. Upon the doing of these two things the lien springs up. *Cooper* v. *Frierson*, 48 Miss. 300, 310. It is denominated a " first lien." The intendment is that it shall have preference over other incumbrances on the products of the soil. But this lien for the creditor, who has contributed means to make the crop, must be enforced within six months after the debt becomes due, or it expires. The statute gives a special remedy. Detinue or replevin would not lie at the suit of the creditor, because he has no property in the products. His right is to have satisfaction of his debt out of the cotton.

A lien is a privilege to pursue the thing, and subject *it* to the debt. It adheres to the thing, and the creditor may pursue it into the hands of a remote vendee, and his lien will be paramount to any title that the debtor could transfer. But the purchaser from the debtor does not thereby make himself liable personally to the creditor. *Dozier* v. *Lewis*, 27 Miss. 679. On the same principle, under the lien statutes approved April 5, 1872, and 17th April, 1873, it was held, in *Westmoreland* v. *Wooten*, 51 Miss. 825, that a purchaser of cotton from a tenant was not liable to the landlord for the value of the cotton, because the landlord had a lien for his rent.

There is no essential difference in the nature and privilege of a lien created by these statutes, and that arising under the

act of 1867.  Both are statutory, and must be satisfied out of the property itself.  The creditor has the privilege to follow the products, wherever he can find them, and his lien will be superior to any right the debtor could confer on an assignee.

If McAlexander had the statutory lien, he could, by adopting the remedy given by the statute, and such other as the circumstances required, have prevented a sale of the cotton by the sheriff, and obtained the superior advantages of his lien.  A sale by the constable could not defeat this priority. McAlexander could have followed the cotton in the hands of the purchaser, and successfully have asserted it.

McAlexander, in his testimony, stated that he gave notice of his agricultural lien to the constable before and after he made the levy.  That does not confer any greater or better right than he would have without notice.  If McAlexander had the lien at all, then the world is chargeable with notice of it.

If these views are correct, it would be useless to consider the other questions made in the progress of the trial on the admissibility of evidence, the instructions to the jury and the refusal to grant a new trial.

We reverse the judgment, and, entering here such judgment as the court below ought to have rendered, sustain the demurrer to the declaration, and dismiss the suit.