## L. C. & J. ELSON *v.* B. J. BARRIER.

1. **DEED OF TRUST.** *Personal property. Sale out of county of record. Notice.*
   Where a deed of trust on personal property is recorded in one county, and the grantor removes the property into another county and sells it, the rights of the beneficiary are protected by sect. 2305 of the Code of 1871; and, as therein provided, the buyer is chargeable with full legal notice of the deed. and the rights which it confers.

2. **SAME.** *Assumpsit by grantee. Title and lien distinguished.*
   A deed of trust confers title to the property embraced in it; and, after condition broken, the grantee can maintain *assumpsit*, or any other action in respect to such property that an owner could maintain on account of his property. But a party having merely a lien can maintain no action in respect to the property affected by his lien, which requires title for its maintenance. *Westmoreland* v. *Wooten*, 51 Miss. 825, and *Cloud* v. *The State*, 53 Miss. 662, explained.

ERROR to the Circuit Court of Lauderdale County.
Hon. J. S. HAMM, Judge.

In April, 1876, J. C. Ward executed a deed of trust on his crop to be grown that year, to R. Wilson, as trustee, to secure a debt of $93 which he then owed B. J. Barrier, and $70 to be advanced in supplies to him during the year by Barrier. The parties resided in Neshoba County, the crop was to be produced there, and the deed of trust was executed and recorded in that county. In September, 1876, Ward notified Barrier that he had some cotton ready to be ginned. Barrier gave Ward bagging and ties with which to bale the cotton, and directed him to carry it to a certain named gin, which Ward did. When the cotton was baled, Ward asked permission of Barrier to carry it to the town of Meridian, in Lauderdale County, instead of to Philadelphia, the place at which the deed of trust required that it should be delivered. Barrier gave his permission, and Ward hauled the cotton to Meridian with Barrier's wagon. When Ward reached Meridian, he sold the cotton to L. C. & J. Elson. Barrier, arriving soon after, demanded of the Elsons the cotton, or its value; and upon their refusal to comply with his demand, he brought, in his own name, an action of *assumpsit* for the value of the cotton. The deed of trust required Ward to deliver his cotton to Barrier as soon as it was made ready for market; and it also empowered the trustee to take the mortgaged property into his possession, and, after advertising, to sell the same, whenever he or Barrier should deem it to be endangered as security for the indebtedness.

Barrier obtained a judgment for $114.32, to which the defendants sued out a writ of error. Several instructions given for the plaintiff below were excepted to by the defendants, but are not set out here, because not considered by this court.

*W. H. Hardy*, for the plaintiffs in error.

The cotton was never bought by Barrier, there being no price agreed upon, and no delivery. The transaction lacks every essential of a sale and purchase. The pretence that Bar-

rier bought the cotton is an effort to evade the decision in *Westmoreland* v. *Wooten*, 51 Miss. 825, and *Cloud* v. *The State*, 53 Miss. 662.

*E. Watkins*, for the defendant in error.

The verdict is supported by the evidence. The delivery of the cotton to Barrier was complete. *Jordan* v. *Harris*, 31 Miss. 257. As to the price, the law presumes that Barrier would allow Ward, on his debt, what the cotton was worth. *Smith* v. *Sparkman*, 55 Miss. 649. The value of cotton on a given day, being easily ascertained, may be proven. Story on Sales, sect. 220 ; *Halsey* v. *McLean*, 10 Bing. 487.

CAMPBELL, J., delivered the opinion of the court.

The result reached in the Circuit Court in this case is correct, and will not be disturbed, although the contest was made on what we do not regard as the real ground of controversy suggested by the facts.

Plaintiffs in error were purchasers of the cotton conveyed by the deed of trust, with full legal notice of the right of defendant in error as the beneficiary in the deed of trust. The fact that the cotton was sold in a county other than that in which the deed of trust was recorded, did not release it from the deed of trust. Code, sect. 2305 ; *Bogard* v. *Gardley*, 4 Smed. & M. 302.

It is claimed that the cases of *Westmoreland* v. *Wooten*, 51 Miss. 825, and *Cloud* v. *The State*, 53 Miss. 662, deny the liability of the purchasers of the cotton to answer in *assumpsit* for the value of the cotton. Not so. A deed of trust does not create a mere lien ; it confers title ; and, after condition broken, the legal title is in the grantee, and he may maintain any action which an owner can maintain. A lien is a charge upon a thing, a right to resort to it for satisfaction, but is neither *jus in re* nor *jus ad rem ;* and, therefore, no action can be maintained by the lien-creditor which requires *title* for its maintenance, for the obvious reason that he has not *title*.

Hence, the manifest distinction between the two classes of cases. The difference is between a mere right to fasten a charge on a thing, and a title to a thing, with all the incidents of title.

Affirmed.