R. L. DUNN ET AL., EXECUTORS v. E. H. KELLY.

1. AGRICULTURAL LIEN LAW.   *Purchaser of products.   Notice of lien.*
   Under the agricultural lien law a landlord can maintain an action
   against a purchaser with notice of cotton subject to a lien for rent.
   Acts 1876, p. 109.   CAMPBELL, J., dissented.
2. SAME.   *Suit against purchaser.   Effect of absence of notice.*
   *Quære*, Can the action be maintained if the purchaser had no notice.

ERROR to the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

The plaintiffs in error sued the defendant in error for damages sustained by the purchase by the latter of cotton, upon which in right of the testator the former had a lien for rent under the agricultural lien law, and the circuit judge to whom the case was submitted decided for the defendant.

*J. C. Prewett*, for the plaintiffs in error.

This case differs from *Wooten* v. *Gwin*, 56 Miss. 422, in the fact that here the purchase was with notice.   *Cooper* v. *Baker*, 54 Miss. 637.   The opinion of Chalmers, J., in *Wooten* v. *Gwin, ubi supra*, announces the better rule.

*Hudson & Hudson*, for the defendant in error.

The true rule is announced by Campbell, J., in *Wooten* v. *Gwin*, 56 Miss. 422.   This lien is not superior to that of a judgment.   *Dozier* v. *Lewis*, 27 Miss. 679 ; *Cloud* v. *State*, 53 Miss. 662.   If, however, the action is maintainable, no recovery is proper in this case.

GEORGE, C. J., delivered the opinion of the court.

In *Wooten* v. *Gwin*, 56 Miss. 422, the three judges of this court differed as to the true construction of the agricultural lien law (Acts 1876, p. 109), so far as relates to the liability of parties buying or receiving a part of the crop on which the landlord had a lien for his rent.   Chalmers, J., thought a purchaser of the crop was liable for its value, whether he had notice or not of the lien.   Simrall, C. J., thought the liability did not exist unless the purchaser had notice ; and Campbell, J., denied that any remedy existed except that pointed out in the statute, which could only be made effectual by a seizure of the

crop. In this case it is shown by the evidence that the purchaser had notice, or, what is the same thing, had reasonable ground to believe that the landlord's lien for rent was unpaid when he purchased the cotton. He admits he knew that the landlord had a lien at one time on the cotton. Knowing this, he was bound to see before he purchased it that the lien had been discharged. Under the opinion of the majority of the judges in the above case, he was liable. Whether I should concur with Simrall, C. J., in restricting the purchaser's liability to a case where he had notice, or with Chalmers, J., need not be stated until the case arises in which the expression of an opinion may be necessary.

                    *Judgment reversed and a new trial granted.*

CAMPBELL, J. I dissent from the conclusion of the majority, for the reasons stated in my opinion in the case referred to in the foregoing opinion.