## A. Cohn *v.* A. M. Smith.

1. **Landlord's Lien.** *Purchaser of agricultural products. His liability to landlord. Sections 1301 and 1362, Code 1880, and Act of 1884, construed.*

   By virtue of § 1301, Code of 1880, which gives the landlord a paramount lien on all agricultural products raised on the leased premises, and the act of 1884 (Acts of 1884, p. 80), which, applying § 1362 of the code to § 1301, makes it a crime punishable with a fine for any person, with notice of such lien, to remove from the premises, or conceal, or to aid or assist in removing or concealing, any property subject to such lien without the consent of the landlord, a landlord may maintain an action for damages against the purchaser, with notice, of products subject to his lien for rent. *Dunn* v. *Kelly,* 57 Miss. 825, affirmed.

2. **Same.** *Consent of landlord to purchase of products. Effect.*

   But if, in such case, the landlord had consented to the sale of the products to the purchaser thereof, and such consent had not been withdrawn at the time of the sale, then the purchaser is not liable in such action, even though the landlord's consent was given without consideration, and was not acted upon nor relied upon by the purchaser.

APPEAL from the Circuit Court of Lawrence County.

HON. A. G. MAYERS, Judge.

The case is stated in the opinion of the court.

*A. H. Longino,* for the appellant.

1. It has been several times enunciated by the supreme court of this State upon similar statutes to the one now in force that a landlord's lien for rent is a specific remedy, and must be pursued strictly in the manner prescribed by the statute creating such lien, and that the purchaser of the lien products for value is not liable to the landlord.   51 Miss. 825 ; 53 Miss. 662.

Our statute, Code 1880, §§ 1301 and 1302, gives the landlord a lien for his rent on the crop of the tenant, and provides for the specific enforcement of the lien against the crop, and, I think, the proper construction and logic of the statute is given in the opinions of the court above cited, and that appellee has no cause of action against Cohn.

Besides, appellee had no legal title but only a lien on the cotton purchased by appellant, and cannot recover in an action at law. 46 Miss. 295.

The landlord's remedy for rent is primarily against the tenant and the property to which the lien attaches; and before he can proceed against purchasers for value, if at all, he must first exhaust his remedy against the tenant and the lien property, and is charged with the exercise of vigilance and industry to collect his rent from the primary source before he can recover from purchasers of the crop.

2. Appellant should have been permitted to prove by witness Byrne that appellee told witness after the execution of tenant's due-bill and the purchase of the three bales of cotton by appellant that she had consented to and agreed with her tenant, who was her son, to sell appellant said nine bales of cotton (which included the three in controversy), and that she agreed to wait with her son until the next year for the balance of the rent for 1884, and that her reason for so consenting to the sale of the cotton was that her son was in debt to defendant, and she wanted to enable him to settle same. Said testimony was very material, going to show her admission that there was a waiver by appellee of her lien on the cotton, and that she *consented* to the sale, not only of the six bales but of the three bales in controversy.

64 Miss.—52.

*R. H. Thompson,* for the appellee.

There being no dispute about the facts, the court below instructed for the plaintiff, and held the defendant for the admitted value of the three bales of cotton received by plaintiff in error, of which the value was proven before the execution of the due-bill for rent.

That this was correct cannot be questioned under former decisions of this court, unless it be upon the idea that the court erred in sustaining the objection to witness Byrne's testimony, wherein it was proposed to show that plaintiff said to him after Cohn had become liable, if liable at all, that she had consented and agreed with the tenant that he might sell the cotton to Cohn.

To this we answer: If the testimony tended to show anything, it was a release or waiver of a cause of action, and was without consideration. It was not admissible as an estoppel because Cohn did not act upon it.

It was not even a proposition to show a fact, but a mere declaration, and not by way of contradicting the plaintiff, for no predicate therefor had been laid.

COOPER, C. J., delivered the opinion of the court.

In 1884 the plaintiff (appellee here) leased her farm to her son, R. N. Fox, for the sum of two hundred dollars, to be paid at the end of the year. In October Fox sold to the defendant (appellant here) three bales of cotton grown on the premises that year, the defendant at the time having knowledge of the fact that Fox was tenant to the plaintiff. He made no inquiry either of Fox or the plaintiff as to payment of the rent, but had heard, as he says, that a part of the rent had been paid, and did not know but that all had been paid.

The principal question presented is whether a landlord may recover against one thus purchasing the agricultural products grown on the premises. By § 1301 of the code it is declared that "every lessor of land shall have a lien on all the agricultural products of the leased premises, however and by whomsoever produced, to secure the payment of the rent, and this lien shall be paramount to all other liens, claims, or demands of any kind upon

such products, etc." By other sections a remedy by distress is given for the enforcement of the lien thus created.

By the act of March 13, 1884 (Acts, page 80), § 1362 of the code is applied to § 1301 and is to be read as part thereof; that section is: "Any person who, with notice of such lien, and with intent to defeat or impair it, shall remove from the premises on which it was produced, or shall conceal, or aid or assist to remove or conceal, anything subject to such lien, without the consent of such person, shall, upon conviction, be punished by a fine of not more than five hundred dollars, etc."

Since the act of 1884 the lien of the landlord, his rights and remedies, have been substantially those secured by the agricultural lien laws of 1872 and 1873, which underwent examination and decision by this court in the cases of *Westmoreland* v. *Wooten,* 51 Miss. 825 ; *Wooten* v. *Gwin,* 56 Miss. 423, and *Dunn* v. *Kelly,* 57 Miss. 825. In the first of these cases it was decided by a unanimous court that the lien given by the acts of 1872 and 1873 did not confer upon the lienor such right in or to the property as to support an action of trover or assumpsit against one who purchased from the tenant the property subject to the lien. Whether one who colluded with the tenant to aid him in defeating the lien by sale or removal of the property could be held liable by the landlord for the injury done him, by an appropriate action, was expressly left an open question. The judgment recovered by the landlord having been reversed, he amended his declaration by converting the action from one in assumpsit to an action on the case for the injury ; another trial was had resulting in a judgment in favor of the purchaser, and the case was again appealed to this court. It then appeared in evidence that when Westmoreland purchased the cotton he did not know that Wooten had any claim upon it, nor was he cognizant of any facts that would suggest inquiry, but before he shipped it out of this State Wooten informed him of his claim, demanded possession, and sued out a writ of seizure as provided by the statute. Westmoreland refused to deliver the cotton or to point it out to the officer having the writ, but shipped it out of the State. On these facts the judges differed in opinion as to

the law, Simrall, C. J., holding that the purchaser was not liable because he did not participate in the " removal of the cotton from the demised premises," that being the specific act made penal by the law. He thought if he had so participated he would have been liable in an action of trespass on the case for the injury done the landlord by such illegal act. Campbell, J., was of opinion that the remedy provided by the statute which created the right was exclusive ; that the penal clause of the statute was intended only to strengthen and preserve the remedy afforded by making the act of removal, so that the remedy might not be available, punishable, but that no new remedy could spring from the unlawful act. Chalmers, J., dissented from the result reached by the majority of the court on the ground that any removal of the property, either from the premises or from the State, was penal; that it was a violation of a legal right of the landlord, and that for such injury he might recover by an action on the case. The fact that Westmoreland bought without notice of the lien he thought immaterial, for the reason that while the property was in his possession and subject to the lien if it could be seized, he had actual notice of the rights of the landlord and willfully shipped the cotton beyond the jurisdiction of the court.

In the following year Simrall, C. J., having retired from the bench and George, C. J., being then a member of the court, the case of *Dunn* v. *Kelly* was decided. In that case the purchaser bought with knowledge of the lien of the landlord or with knowledge of facts sufficient to put him on inquiry. It did not appear that he had either participated in removing the property from the demised premises or had shipped it beyond the State. George, C. J., and Chalmers, J., maintained the right of the landlord to recover in an action of trespass on the case, while Campbell, J., dissented, adhering to the views announced in the case of *Wooten* v. *Gwin*. In *Dunn* v. *Kelly*, George, C. J., in delivering the opinion of the court, deduced from the opinion of Simrall, C. J., in the case of *Westmoreland* v. *Gwin*, the conclusion that a purchaser with notice was liable to an action on the case, whether he had or had not joined with the tenant in removing the property from the de-

mised premises, and concurred in the correctness of the legal pro-
position he attributed to Simrall's opinion.　More than seven years
have passed since the decision of *Dunn* v. *Kelly*, and whether we
concur in the view there announced, we think the decision should
not be disturbed.　The question involved is one of great practical
importance, and we must assume that the public have been governed
by the law as declared in that case since its decision.　Where
judges have entertained such conflicting opinions it cannot be said
with confidence that the question is free from doubt, and in such
cases the rule of *stare decisis* should prevail.

On the trial of this case the defendant proposed to prove by a
witness, that after the purchase by the defendant of the cotton from
the tenant, the landlord admitted to him that she had consented to
the tenant's selling the cotton to the defendant, because she desired
him to discharge a debt he owed him.　Objection was made
and sustained to this evidence because the waiver was not shown to
have been on any sufficient consideration; nor was it pretended that
the purchaser had relied upon such consent or changed his situa-
tion because thereof.　The evidence should have been admitted.
If there was no sufficient consideration for the waiver the landlord
might have withdrawn it at any time before it was acted on by the
tenant.　But if the sale was made by the tenant at a time when he
was authorized to sell by the landlord, no right of hers was
violated thereby and no cause of action arose against the purchaser.
The statute only imposes the penalty when the disposition of the
property is "without the consent of such person." *Volenti non fit
injuria.*

*The judgment is reversed and cause remanded.*