WARREN & MONTGOMERY BROS. *v.* M. JONES.

1. PARTNERSHIP. *Changed to landlord and tenant. Notice to creditors.*

Where the owner of a plantation forms a partnership with another to make a crop thereon, and afterwards, early in the year, the arrangement is changed, the partner becoming a tenant, third persons, dealing with him individually, but who had no dealings with the firm, are not entitled to be specially notified of the change in the relation from that of partners to that of landlord and tenant, though they had knowledge of the partnership while it existed.

2. SAME. *Purchasers. Notice. Misleading instructions.*

In such case, where the third persons who had no dealings with the firm, are sued by the landlord for purchasing from the tenant agricultural products upon which he had a lien, it is proper to refuse instructions which assert that, in order to make defendants liable, it was necessary that they should have had "knowledge or notice" of the change from a partnership to a tenancy. As such instructions might be construed as meaning that it was essential that they should be specially notified, they would be calculated to mislead the jury.

3. LANDLORD'S LIEN. *Purchaser. Notice. Caveat emptor.*

In a suit against one who has purchased and converted agricultural products upon which the plaintiff has a landlord's lien, neither ignorance as to the tenancy nor false statement by the tenant as to his right to sell will defeat the landlord's claim. *Eason* v. *Johnson*, 69 Miss., 371.

FROM the circuit court of Yazoo county.

HON. J. B. CHRISMAN, Judge.

Appellee, Jones, owned a plantation in Holmes county, Mississippi. On January 1, 1890, he entered into a partnership agreement, in writing, with one R. G. Worsham, by which they were to cultivate the plantation during that year

on joint account. There was a steam-gin and saw-mill on the place, which were to be operated under the agreement. Worsham was to give his personal attention to the business. Jones lived at Kosciusko, in another county. The partnership affairs were conducted under the supervision of Worsham until March 4, 1890, when the agreement was changed, the partnership was dissolved, and Worsham became the tenant of Jones, executing a written lease, by which he agreed to pay $2,500 for the rent of the plantation and the use of the mules thereon. In December, 1890, Worsham delivered to appellants, Warren & Montgomery Bros., merchants in Yazoo City, eleven bales of cotton, raised by him on the plantation of appellee that year. The cotton was sold by appellants, and the proceeds accounted for and paid over to Worsham. Appellants knew of the partnership existing between Jones and Worsham, and their testimony was to the effect that, when they received the cotton from Worsham, they supposed he was still a partner, never having heard of the change from a partnership to a tenancy. In accordance with their custom, they inquired of Worsham, at the time, as to his right to sell the cotton, and he informed them that it was all right; that he had to sell the cotton in order to raise money to finish marketing the crop and winding up the business.

Worsham having failed to pay the rent in full, this action was brought by Jones against appellants for the value of the cotton so received by them. Defendants pleaded not guilty. On the trial the above facts were shown. It did not appear that any notice was given of the dissolution of the partnership, and the written lease was not recorded. There was some evidence tending to show that one of the defendants admitted that he knew that Worsham was the tenant of plaintiff, but this was contradicted. Defendants introduced testimony going to show that Worsham sold the cotton by consent of the landlord, but this was disputed, and there

was a conflict of evidence on the point.  As to this the court instructed the jury, at the instance of defendants, that the burden of proof was on plaintiff to show that the cotton was sold without his consent, and that if he consented to the sale he could not recover.  On motion of plaintiff, the court excluded from evidence the contract of partnership, to which action of the court the defendants excepted.  Defendants' third, fourth, fifth and sixth instructions, referred to in the opinion, are as follows:

"3. The court instructs the jury that, if they believe from the evidence that Worsham went on Jones' place in the beginning of the year 1890 as a partner of Jones—not as a tenant—and that the partnership continued until the fourth day of March, 1890, and that during the existence of the partnership defendants were informed by Worsham, one of the partners, that he was occupying the land as a partner, the jury must find for the defendant, unless it appears from the evidence that defendants knew the partnership had been dissolved, and that the relationship of landlord and tenant existed, or that defendants had such notice of the dissolution of the partnership and the creation of the tenancy as would justify the jury in imputing bad faith to them in selling the cotton as factors.

"4. The court instructs the jury that, if they believe from the evidence that Worsham entered into the possession of the Kearney place as a partner of Jones, and that, during the continuance of the partnership, Worsham, a partner, told defendants that he was on the place as a partner—not as a tenant—then the knowledge by the defendants that Worsham was on and cultivating the place, is not such knowledge or notice as would put them on inquiry as to whether or not Worsham was a tenant, unless they believe from the evidence that defendants had, before the delivery of the cotton to them, and before its sale by them, knowledge or notice of the change of the relationship of Jones and Worsham.

" 5. The court instructs the jury that, if they believe from the evidence that the defendants knew that Worsham was occupying and cultivating the plantation of plaintiff during the year 1890, but were ignorant that the relationship of landlord and tenant existed, then such knowledge was not sufficient to put them on notice that Worsham was Jones' tenant.

" 6. The court instructs the jury that, even if they believe from the evidence that defendants knew that Worsham was the tenant of Jones at the time of selling the cotton, yet, if they believe from the evidence that, on inquiry made by defendants, Worsham stated to them that there was no lien on the cotton, and he had a right to dispose of it, the law is for the defendants, and the jury will so find."

Verdict and judgment for plaintiff. Motion for new trial overruled. Defendants appeal. The opinion contains a further statement of the case.

*Williams & Williams*, for appellants,

Filed a lengthy brief as to the questions decided by the court, making the following points:

1. Defendants knew of the existence of the partnership, and, having received no notice of its dissolution, they had the right to assume that it still existed, and that Worsham, as a partner, had the right to dispose of the cotton. On this point see 17 Am. & Eng. Enc. L., 1117, 1118, and cases cited; 5 B. & A., 157.

As to former dealers, actual notice of dissolution must be given; as to others, general notice. *Polk* v. *Oliver*, 56 Miss., 566; 17 Am. & Eng. Enc. L., 1122–1127. See also *Boyd* v. *Ricketts*, 60 Miss., 62; 61 *Ib.*, 359. Here no notice was given, and no change was made in the conduct of the business. And the transaction with Worsham was within the scope of the business. It was, therefore, error to refuse defendants' third instruction.

It was also error to refuse the fourth instruction. Knowledge that Worsham was on the place was not notice that he was there as tenant instead of partner. *Claiborne* v. *Holmes*, 51 Miss., 146. When a vendor holds possession by a tenant, and the vendee, after the sale, retains the same tenant, the title is transferred, but there is no change of possession sufficient to arrest notice or put a creditor or purchaser on inquiry· *Loughridge* v. *Bowland*, 52 Miss., 546. *Bacon* v. *Howell*, 60 Miss., 362, does not militate against our position, but rather supports it.

2. In *Eason* v. *Johnson*, 69 Miss., 371, it was held that the right of the landlord to recover is not affected by the want of knowledge on the part of the purchaser that the " rent is *due and unpaid.*" This is far from deciding that the landlord may recover of one who has purchased from the tenant without knowing. that he was tenant or having knowledge of some fact that would put him on inquiry. The court did not overrule *Dunn* v. *Kelly*, 57 Miss., 825, and *Cohn* v. *Smith*, 64 *Ib.*, 816. We think the rule laid down in the last mentioned case is right. Saying in *Eason* v. *Johnson* that the " rule of *caveat emptor* applies to all who purchase from a tenant," etc., simply means, as we construe it, that the rule applies to all buying from one whom the purchaser knows to be a tenant, or about whom he has such knowledge as ought to lead to inquiry.

3. The court erred in defendants' first instruction, and in giving the third for plaintiff, the effect of which was to inform the jury that, although Jones gave Worsham permission to sell enough cotton to pay for gathering the crop, yet if prior to the sale to defendants he had sold more than enough for that purpose, the sale to defendants was unauthorized. This was misleading, and, besides, the consent to sell having been once given, ought to have been withdrawn. *Cohn* v. *Smith*, 64 Miss., 816. If Worsham was selling more than sufficient to complete the crop, it was incumbent on the land-

lord to withdraw his consent, and not allow the tenant to damage innocent parties.

4. Aside from the above questions of law, the verdict is clearly contrary to the law and evidence.

*Barnett & Thompson,* on the same side.

The burden of proof rested on plaintiff to show notice of dissolution of the partnership. 17 Am. & Eng. Enc. L., 1118. Defendants, having acquired knowledge of the fact of partnership and who were the partners, were entitled to notice of the dissolution. There was no notice, and the change to a tenancy was evidenced only by a written lease, known only to the parties. On this point, see *Boyd* v. *Ricketts,* 60 Miss., 62. It makes no difference that this was a non-trading partnership. The dealing with defendants was within the scope of the business. *Lynch* v. *Thompson,* 61 Miss., 354. But the court excluded the partnership agreement from evidence, and, by its instructions, in effect, refused to permit the jury to consider the case with reference to the partnership idea. The case of *Bacon* v. *Howell,* 60 Miss., 362, has no application. There the tenant made a misstatement, and this should not have been relied on. Here Worsham, the partner, made a *true* statement, whereby appellants obtained knowledge that the partnership existed. As to them, there was no dissolution.

This case was tried in ignorance of the case of *Eason* v. *Johnson,* not then reported. But that case simply holds that want of knowledge " that the rent is *due and unpaid,*" will not defeat the landlord. This is a different case entirely. But, if we are mistaken as to this, the extraordinary right of the landlord should be denied him wherever he has so conducted himself as to induce strangers to believe that his relationship to the occupant of the land is not that of landlord, but something else.

*Henry & Richardson,* for appellee.

Those who deal with an individual jointly interested with

another, in planting operations, must, at their peril, inform themselves as to the relations between the parties.    45 Miss., 508; 48 *Ib.*, 300; 50 *Ib.*, 358; *Morgan* v. *Pierce*, 59 *Ib.*, 210; *Bacon* v. *Howell*, 60 Miss., 362.

It clearly appears that appellants dealt with Worsham only as an *individual,* and not as a member of any firm.    Therefore they were in no event entitled to notice of the change from a partnership to a tenancy, and the court acted properly on the instructions as to this.    Worsham did not sell the cotton as partnership property, but as his own, claiming that Jones had given his consent.    On this point, see Story on Partnership, § 134.

No notice whatever of the tenancy is necessary.    A purchaser of agricultural products from the tenant, takes them subject to the claim of the landlord.    *Caveat emptor* is the rule.    *Eason* v. *Johnson*, 69 Miss., 371.

The issue as to whether Jones consented to the sale of the cotton was fairly submitted to the jury, and appellants are concluded by the verdict.

CAMPBELL, C. J., delivered the opinion of the court.

The right result was reached in this case.    The theory of the defense was fairly put to the jury by the instructions, so far as related to consent of Jones that his tenant might sell. The instructions asked by the defendants as to the partnership between Jones and Worsham, and the right of the defendants with reference to that, were properly refused, because they do not state the rule of law on that subject correctly.    They assert that the defendants must have had *knowledge or notice* of the change of the relation between Jones and Worsham from that of partners to that of landlord and tenant.    Not having dealt with Jones & Worsham during the brief period of the existence of the partnership between them, they were not entitled to be specially notified, and the instructions might be construed to require this.

The fifth and sixth instructions asked by the defendants

were properly refused. Neither ignorance of the tenancy nor false statement by the tenant as to his right to sell agricultural products of the leased premises could defeat the claim of the landlord. *Eason* v. *Johnson*, 69 Miss., 371. The writer of this opinion entertained the view, shared by all composing the court then, announced in *Westmoreland* v. *Wooten*, 51 Miss., 825, and he re-affirmed it in *Wooten* v. *Gwin*, 56 Miss., 422, and in *Dunn* v. *Kelly*, 57 *Ib.*, 825, and still has the same opinion of the question as an open one; but, as the court, by a clear misconception, as I think, of the views of one of the judges who decided the former cases, in the opinion in the case last mentioned, *drifted* into the conclusion that a landlord might hold a purchaser with notice liable, I acquiesced in the doctrine thus accidentally established, because I got tired dissenting, and, besides, regarded the new doctrine as best for the agricultural interest, and made no dissent from the opinion in *Cohn* v. *Smith*, 64 Miss., 816, which, under the strange history of the question, I thought correctly decided. Having reached this result, it followed logically that notice by the purchaser of agricultural products could make no difference, and, in order to protect the landlord, his right must be made to depend not on notice, but on the fact that the defendant purchased what the landlord had a lien on, and thus the law is settled.

I was constrained by circumstances, as I think my brethren were, in deciding *Cohn* v. *Smith*, but, starting from that, there could be no other goal than that reached.

*Affirmed.*

*Barnett & Thompson*, for appellants, filed the following suggestion of error:

In its opinion the court says: " They [the instructions] assert that the defendants must have had knowledge or notice of the change of the relation between Jones and Worsham from that of partners to that of landlord and tenant. Not having dealt with Jones & Worsham during the brief pe-

riod of the existence of the partnership between them, they were not entitled to be specially notified, and the instructions might be construed to require this."

It is true defendants were not entitled to a special notice of the dissolution of the partnership, and, if the instructions are susceptible of this construction, they were erroneous. But we respectfully submit that when the instructions are considered in connection with the testimony, they could not have been misleading. There was no controversy over the kind of notice given. The plaintiff wholly failed to show that notice, either general or special, was given. The necessity, therefore, of defining in the instructions what kind of notice the defendants were entitled to was not apparent to us at the time the instructions were asked.

We proceeded on the assumption that, having shown the existence of a partnership, and a knowledge of its existence by defendants during its life, and their ignorance of its dissolution, the burden of proof was on the plaintiff to show that notice had been given that the partnership had been dissolved. The burden of proof was on the plaintiff. 17 Am. & Eng. Enc. L., 1117, 1118. But did defendants have knowledge of the dissolution? About this there was a conflict of testimony. And was notice of any kind of the dissolution given, either general or special? The testimony failing to .show that any notice was given, how could the jury have been misled?

The testimony was as convincing that no *general* notice was given as that no *special* notice was given. There was an utter want of evidence of either.

*Per curiam.*

The partnership feature of the case was not regarded by us as important, and the instructions on that were remarked upon merely to call the attention of counsel to their inaccuracy, which they admit.

The evidence shows that Worsham was dealt with individ-

ually on his own account, and without reference to any supposed connection with Jones.

$$Denied.$$