SAMUEL J. SIMPSON *v.* SMITH SONS' GIN & MACHINE CO.

1. CHANCERY PRACTICE. *Pro confesso. Reversal.*

Though a final decree be predicated of a *pro confesso* to a bill or cross bill, yet it will be reversed, on appeal, if it appear, from the whole case, that the party in whose favor it was rendered was not entitled to the relief granted.

2. JUDGMENT LIEN. *General, not specific. Liability of one who acquires property. Rights of plaintiff.*

A judgment lien is a general one on the debtor's property liable to execution. It is not a specific lien, and one who acquires and disposes of property liable to execution is not subject to account to the plaintiff for its value. The plaintiff's only right is to follow and subject the property itself.

FROM the chancery court of Bolivar county.

HON. W. R. TRIGG, Chancellor.

In September, 1891, the Smith Sons' Gin & Machine Company, the appellee, sold a steam cotton gin, press, etc., to one Dewberry upon credit, reserving title to the property as security. In March, 1892, the seller recovered a judgment against Dewberry at law upon the purchase money debt, which judgment was duly enrolled.

In September, 1892, Mrs. Deason, a creditor of Dewberry and his wife, filed the bill in this cause against her debtors, and obtained the appointment of a receiver. The receiver took possession of the property sold by appellee to Dewberry. The appellee then applied to the chancery court to be made a party to the suit, and the court, by consent of all parties, granted the application. The appellant, Simpson, on appellee's application and the consent of the other parties thereto, was also made a party to the cause during its progress. The appellee then filed its bill, or cross bill, making Simpson a defendant thereto. The grounds on which relief was sought against Simpson by the appellee are stated in the opinion of the court. Simpson failed to answer the appellee's pleading, and a *pro confesso* thereto was taken against him. The final decree against appellant, Simpson, was a personal one, in appellee's favor, for the balance due upon the judgment against Dewberry, after crediting it with the then value of the property sold by appellee, which property, in the progress of the suit, had been decreed to be restored to appellee by the receiver. The amount of the decree was within the value of the property which Simpson had acquired from Dewberry after the enrollment of the judgment, but of which appellant had made disposition. From the personal decree against him Simpson appealed.

*J. W. Cutrer*, for appellant.

The sole allegation upon which relief was sought by appellee was that appellee held a judgment against a third person, which

had been enrolled, and, thereby, became a general statutory judgment lien upon certain property, which, it is alleged, appellant had acquired by purchase, and had subsequently disposed of. It is submitted that this allegation is not sufficient to support the decree. A judgment creditor had no right of action against a purchaser of property, covered by the lien of his judgment, for the conversion of such property. Such creditor had no right to the property. The lien is neither a *jus in re* nor a *jus ad rem.* It covers the mere right of satisfaction out of any property of the defendant, no matter when acquired, and, by virtue of the judgment, the creditor has the right to have the property taken in execution. Anyone purchasing property subject to such lien, must hold it subject to the right of the purchaser to subject it to his judgment, but if the property is never subjected to the lien of the judgment, by being actually taken in execution, the creditor's claim is nothing more than a debt of record, and if the property covered thereby is consumed, dissipated or destroyed, the creditor cannot maintain an action against the person who may have acquired and consumed or disposed of such property. *Dozier* v. *Lewis,* 27 Miss., 679; *Westmoreland* v. *Wooten,* 51 Miss., 825; *Cloud* v. *State,* 53 Miss., 662.

The fact that a decree *pro confesso* was rendered, does not at all alter the status of the case. This court has held that although a decree *pro confesso* might be entered, yet if, on final hearing upon the record presented to the court, it is manifest that complainant is not entitled to relief, and to the decree rendered in his favor, the court will reverse the decree complained of, and remand the cause. If it is patent that no amendment can cure the defect in the bill, the bill will be dismissed. *Minor* v. *Stewart,* 2 How. (Miss.), 912; *Kelly* v. *Brooks,* 57 Miss., 225; *Hargrove* v. *Martin,* 6 Smed. & M., 61; *Soria* v. *Stowe,* 66 Miss., 615.

*Brame & Alexander,* for appellee.

In no point of view can we see that the appellant is entitled

to relief in this court. Though duly and personally summoned, he failed to make any defense in the court below, and the decree was duly entered against him for a less sum than might have been demanded. The appellant is entirely too late in complaining. He cannot demur to the complaint against him, for the first time, in this court. This court has only appellate powers.

Argued orally by *J. W. Cutrer*, for the appellant, and *L. Brame*, for the appellee.

WOODS, C. J., delivered the opinion of the court.

Notwithstanding the decree *pro confesso*, the final decree and the failure of the appellant to appear in the court below, if, on the whole case as presented here, it appears that the appellee was not entitled to relief, the decree must be set aside. The ground upon which appellees sought relief against appellant was this: Appellees had obtained judgment against Dewberry, which had been duly enrolled, and thereby acquired a general judgment lien upon certain personal property, and appellant had acquired this property and disposed of the same subsequently to the rendition and enrollment of said judgment. But the property was never taken in execution, and thereby subjected to the judgment lien, and the appellees have only a record debt against Dewberry. The lien is not a specific lien on certain property, but only a general lien on all property subject to levy and sale, and does not attach until the judgment creditor takes the property in execution. It follows that the appellees were not entitled to relief, and the decree *pro confesso*, as well as the final decree, should be set aside. This appears to be settled law in this state, as well as elsewhere generally. *Dozier* v. *Lewis*, 27 Miss., 679; *Westmoreland* v. *Wooten*, 51 Miss., 825; *Cloud* v. *State*, 53 Miss., 662; *Wooten* v. *Gwin*, 56 Miss., 422; Freeman on Judgments, sec. 338.

As it is clear that appellee is not entitled to relief, the decrees *pro confesso* and final are

*Reversed, and the bill dismissed.*