GUSTAVUS BLOMQUEST ET AL. *v.* CASIE C. GARDNER ET AL.

[48 South. 724.]

CANCELLATION OF DEEDS. *Evidence. Signature to deed. When not to be adjudged a forgery. Homestead. Husband's . deed. Wife's signature.*

The signature of a grantor's wife to a deed conveying his homestead will not be adjudged to have been forged, in the absence of undoubted proof thereof, where the grantor husband, the officer who took the acknowledgment, and the subscribing witnesses to the deed are all dead and the party in possession of the land and those under whom he holds have claimed title under it for years.

FROM the chancery court of Jackson county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs. Gardner and others, appellees, were complainants in the court below; Blomquest and others, appellants, were defendants there. From a decree in complainant's favor defendants appealed to the supreme court.

The complainants, appellees, the widow and son and only heirs of Axum Gardner, deceased, began this suit seeking to cancel the title of the defendants, appellants, to the land in question. They alleged that Axum Gardner in his lifetime acquired title from the United States under the homestead laws, and that in 1889 he attempted, without the knowledge or consent of his wife, to convey the land by deed to one Orrell, through whom defendants, appellants, claim title; that Mrs. Gardner's signature to the deed to Orrell was and is a forgery, and title to said land, which was Axum Gardner's homestead, never passed to Orrell, but that complainants, appellees, were the true owners. The defendants answered denying that Mrs. Gardner's signature was a forgery, and averred that they and those through whom they claimed title had owned the land since the deed to Orrell, exe-

cuted in 1889; that Axum Gardner did not die until 1906, and
their title had never been disputed.   The husband grantor who
executed the deed, the subscribing witnesses to it and the officer
before whom it was acknowledged were all dead when the suit
was begun.

*Ford, White & Ford* and *May & Sanders,* for appellants.

There is no evidence at all in this record upon which the court
below was warranted in finding that the signature of Mrs.
Hardner was a forgery; but treating it as a forgery, the statute
of limitations had absolutely barred any right which she or her
husband had to the land in controversy long before this suit was
brought.   It was this wrongful conclusion of law that the stat-
ute of limitations did not run against Mrs. Gardner during
the lifetime of her husband so as to defeat her right to attack
the title that led to the remarkable decision of the court below.

The woman is contradicted by every circumstance, by her
conduct and actions and no court would be justified in over-
turning a deed, made eighteen years before suit begun, which
had existed to her positive knowledge without one word of pro-
test on her part about it during the lifetime of her husband,
supported as it is by the certificate of the officer who took the ac-
knowledgment, upon her unsupported testimony that she did
not sign the deed.   The fact that she knew all about the exist-
ence of this deed is established by her own testimony.

*Denny & Denny* and *H. B. Everett,* for appellees.

The finding of fact by the court below was reasonable, correct
and well supported by the evidence of the case and there is no
reason whatever on the face of the record to disturb same.

A suit to cancel the deed to Orrell would have been a suit to
remove a cloud from title and would have necessitated title in
Mrs. Gardner and her son at the time of the institution of such
suit and, under the circumstances of the case, could not have been
maintained by Mrs. Gardner and her son until the death of

Gardner, in whom the legal title was vested until March· 25, 1906, when he died intestate. *Scott v. Scott,* 73 Miss. 575, 19 South. 589; *Pounds v. Clark,* 70 Miss. 263, 14 South. 22; *Duncan v. Moore,* 7 South. 22; *Johnson v. Hunt,* 79 Miss. 639, 31 South. 205.

Argued orally by *George W. May,* for appellant.

MAYES, J., delivered the opinion of the court.

On a careful consideration of this whole case, we cannot assent to the findings of the court below that Mrs. Gardner did not sign the deed in queston. On the facts of this case, with the witnesses who could clear up this transaction all dead, it should be made to appear by the most undoubted proof that the deed was never signed. and in this we think the testimony fails.

*The decree is reversed, and bill dismissed.*