## LINTON *v.* SKINNER.

### [84 South. No. 21113.]

1. PLEADING. *Administrator's failure to file letters testamentary is waived by failure to object before verdict.*

   The failure of an administrator, who sues in his representative capacity, to file a copy of his letters testamentary, is waived by the defendant, unless he specifically objects thereto before verdict.

2. EXECUTORS AND ADMINISTRATORS. *Appointment need not be proved, when not denied under oath.*

   The appointment of an administrator, suing in his representative capacity, need not be proven; unless it is denied by a plea verified by oath.

APPEAL from circuit court of Newton county.
HON. A. J. McLAURIN, Judge.
On suggestion of error. Suggestion of error overruled.
For former opinion, see 84 So. 392.

*W. I. Munn,* for appellant.

The appellee does not bring this suit in her individual capacity but she sues as the administratrix of the estate of Mrs. J. L. Pool deceased. In order that she may maintain her suit as administratrix, it is necessary that she make profert of her letters of administration before she can recover in this capacity; this she has failed to do.

It was held in the case of *Ligon* v. *Bishop Exrs.,* 43 Miss. 527, Profert—Practice.—"In all actions by executors, administrators or guardians, profert of the letters giving the plaintiff his official character, should be made with the declaration, and the failure to do so will be fatal on demurrer; but may be cured by amendment.

The failure of the appellee to offer in evidence her letters of administration of the estate of Mrs. L. J. Pool,

deceased, is fatal as to her right of recovery of the property. And therefore the peremptory instruction asked for by the appellant should have been granted by the circuit judge. The burden of proof is on the appellee to show her right to the possession of the property in controversy. *Brusson* v. *Volunteer Carriage Co.*, 93 Miss. 793.

We submit that the appellee has failed to make out her case and that the judgment of the lower court should be reversed and a judgment here for the appellant.

*T. C. Brown,* for appellee.

We most respectfully submit, that the record shows the profert was made of the letters testamentary, issued to Mrs. Mattie Skinner in the matter of the estate of Mrs. L. J. Pool, deceased, as shown by the stenographer's notes, see page 12. The file of papers offered in evidence, is a part of the records of the chancery clerk's office at Decatur, Newton county, Mississippi. It is not apparent as to why the circuit clerk failed to copy said papers and letters into this record, but it is manifest from the record that said letters and papers were offered in evidence as exhibit "B" to the testimony of C. C. McGhee.

We reiterate and most respectfully submit that the whole record shows, that appellant offered no defense whatever, the only proof attempted to be offered on his part was his own testimony which was properly excluded for the reason that he could not testify as a witness to establish his own claim against the estate of a deceased person, which originated during the life time of such deceased person. All the other proof offered in the case going to show conclusively that the property in question was the property of the decedent, Mrs. L. J. Pool, and that Mrs. Mattie Skinner as executrix of the last will and testament of said decedent, is of right the person to have the possession of said property. Therefore, the judgment of the lower court is correct and should be affirmed and the appeal dismissed.

SMITH, C. J., delivered the opinion of the court.

This is an action of replevin, brought by the appellee, as administratrix of the estate of Mrs. L. J. Pool, deceased, to recover from the appellant a cow and calf alleged to belong to the Pool estate. A copy of the administratrix's letters testamentary was not filed with or attached to the affidavit by which the action was commenced, no evidence of the appointment of the appellee as administratrix of the estate appears from the record to have been introduced at the trial. The judgment of the court below, which was for the appellee, was affirmed on a former day of this term, and the appellant now suggests that we erred in so doing, for the reason that no copy of the administratrix's letters testamentary was filed with the affidavit, and no evidence of her appointment as such was introduced at the trial.

Assuming, for the sake of the argument, that it was necessary for the appellee to sue in and to allege her representative capacity, the appellant waived her failure to file a copy of her letters testamentary with the affidavit by which the suit was commenced by not specifically objecting thereto. If such objection had been made, it could have been met by filing the letters testamentary. *Ligon* v. *Bishop,* 43 Miss. 522; 18 Cyc. 989; section 808. Code 1906 (Hemingway's Code, section 596).

The appointment of the appellee as administratrix of the estate of Mrs. L. J. Pool, deceased, was not denied by a plea under oath; consequently she was not called on to prove it. Section 1974, Code 1906 (Hemingway's Code, section 1634).

The suggestion of error will be overruled.

*Overruled.*