Thomas *et al. v.* B. Rosenberg & Sons, Inc., *et al.**

(Division B. Feb. 18, 1929.)

[120 So. 732. No. 27717.]

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2921, p. 946, n. 14; Bills and Notes, 8CJ, section 1296, p. 990, n. 9; section 1361, p. 1052, n. 50; Equity, 21CJ, section 424, p. 403, n. 63; Mortgages, 41CJ, section 212, p. 390, n. 3; section 329, p. 445, n. 22; section 331, p. 447, n. 41, 46; 42CJ, section 1975, p. 292, n. 39. On jurisdiction of equity to decree cancellation of instrument for fraud, see 4 R. C. L. 494; 1 R. C. L. Supp. 1148; 5 R. C. L. Supp. 244.

*Teat & Cox,* for appellants.

318

*R. H.* and *J. H. Thompson,* for appellees.

Argued orally by *J. A. Teat,* for appellant.

ANDERSON, J.   Appellants filed their bill against appellees in the chancery court of Hinds county to cancel, set aside, and hold for naught three promissory notes which appellants had executed and delivered to appellee B. Rosenberg & Sons, Inc. (who, alone, for convenience, will be hereinafter referred to as appellee, as the other appellee, the trustee, is without interest), and a deed of trust executed by appellant Mrs. Mamie Thomas, on her home in the city of Jackson, in Hinds county, to secure the notes, upon the ground that the notes and deed of trust were procured by appellee through false and fraudulent representations, and also upon the ground that no consideration passed to appellants for the execution of the notes and deed of trust.   Appellee answered the bill, denying its material allegations, and made its answer a cross-bill, setting out the maturity of the notes, default in their payment, and prayed for a foreclosure of the deed of trust for the payment of the notes, interest, and attorney's fees provided for in the notes.   Appellants answered the cross-bill, denying its material allegations. There was a trial on the original bill, answer, and cross-bill, and answer to the cross-bill, and proofs, resulting in a final decree dismissing the original bill, and granting the prayer of the cross-bill.   From that decree, appellants prosecute this appeal.

Appellants argue, with a good deal of reason and force, that the chancellor's finding of facts that the execution of the notes and deed of trust involved was not procured

by fraud, and that a valuable consideration passed to appellants for their execution, was against the overwhelming weight of the evidence, and therefore the decree should be reversed, and a decree rendered by this court for appellants.

The notes and deed of trust sought to be canceled are valid on their face. Appellants admit that they were executed by them. They embody a solemn contract entered into between appellants and appellee. *Prima facie,* the presumption is that they were executed without fraud on the part of appellee, and that a valuable consideration passed to appellants for their execution. The cancellation of such a contract involves the exercise by a court of equity of an extraordinary power, which ought not to be exercised except in a clear case upon strong and convincing evidence. 9 C. J., section 195, pp. 1255, 1256; *Ayres* v. *Mitchell,* 3 Smedes & M. 683; *Plant* v. *Plant,* 76 Miss. 560, 25 So. 151; *Christian* v. *Green* (Miss.), 45 So. 425 (not officially reported); *Blomquest* v. *Gardner,* 95 Miss. 307, 48 So. 724.

At the time of the execution of the notes and deed of trust, appellant N. R. Thomas was a large stockholder in, and manager of, the Merchants' Dry Goods Company, doing business in the city of Jackson, in Hinds county. The Merchants' Dry Goods Company was indebted to appellee in the sum of one thousand three hundred dollars, overdue. The latter was urging payment of the indebtedness. E. Pillsbury, appellee's credit man, was on the ground, urging that the indebtedness either be paid or secured. Appellants and another witness, whose evidence was corroborated by certain surrounding facts and circumstances, testified positively that the sole consideration for the execution of the notes and deed of trust was, not an extension of the time of payment of the indebtedness of the dry goods company to appellee, but that appellee extend to the Merchants' Dry Goods Company a further line of credit, which appellee, immedi-

ately after the execution of the notes and deed of trust, refused to do, and that as a result, in a few days thereafter the Merchants' Dry Goods Company went into bankruptcy. On the other hand, appellee's credit man, Pillsbury, who represented appellee in negotiating the transaction resulting in the execution of the notes and deed of trust, testified as positively, and his testimony was also corroborated by certain other surrounding facts and circumstances, that the sole consideration of the execution of the notes and deed of trust was that the Merchants' Dry Goods Company might get an extension of the time of payment of the indebtedness to appellee, and thereby be able to go on in business.

The cause was heard on the oral testimony of the witnesses, not on depositions; therefore the chancellor saw the witnesses when they were giving their testimony; he had an opportunity of observing their demeanor on the witness stand, the manner of giving their testimony, which considerations are often entitled to great weight in deciding issues of fact; while the supreme court, in passing on issues of fact, has before it only the testimony of the witnesses in writing, and therefore, in determining issues of fact, is without that aid. We think there was sufficient evidence to justify the decree.

In its cross-bill to foreclose, the appellee failed to attach thereto either the original notes, or copies thereof. To appellant's original bill, however, there was attached a copy of the deed of trust, given to secure the notes, in which the date of the notes was set out, the amount of each, their maturity, and the rate of interest they bore. In their original bill appellants called on appellee to produce the notes. In its cross-bill appellee set out substantially the same description of notes as is embodied in the deed of trust. On the trial appellant N. R. Thomas was the first witness introduced by appellants. On his cross-examination the notes were produced by appellee, and proven by this witness, and by appellee introduced

in evidence over the objection of appellants, upon the ground that neither the original nor copies of the notes were attached to appellee's cross-bill.

Appellants' position is that for that reason the court erred in admitting evidence for the purpose of establishing the notes. Section 734, Code of 1906 (section 531, Hemingway's Code of 1927), which, by virtue of section 687, Code of 1906 (section 479, Hemingway's Code of 1927), applies to the chancery courts, as well as to the circuit courts, requires that, in all suits founded upon any writing, the original or copy of the writing, with the names of the subscribing witnesses, if any, shall be annexed to, or filed with, the declaration or bill; otherwise, evidence of such writing shall not be given on the trial. And the same is true of section 735, Code of 1906 (section 532, Hemingway's Code of 1927), which requires a copy of any writings of which profert ought to be made by the pleader, to be exhibited with his pleadings. Griffith's Chancery Practice, section 190. The appellants' contention that the court erred in admitting evidence on behalf of appellee to establish the notes, without either the original notes or copies thereof having been made exhibits to appellee's cross-bill, is well-founded; but we are of the opinion that the error was without harm to the appellants, for the following reasons: In their original bill appellants set out the date of the three notes, their amounts, and maturities, and attached to their bill was a copy of the deed of trust, sought to be canceled and have set aside along with the notes, in which the notes were described in the usual manner contained in deeds of trust. In appellee's cross-bill the notes were also described as fully as they were in the original bill, and the copy of the deed of trust attached to the original bill. The original bill sought to cancel the notes upon two grounds alone, namely, fraud and that they were without consideration. Appellants made no pretense of having any other defense to the collection of the notes by

appellee. Furthermore, the first witness who testified was appellant N. R. Thomas, who was a witness on behalf of appellants.

On his cross-examination the original notes were produced by appellee, and handed to the witness, who proved their execution, and thereupon they were introduced in evidence by appellee. There is nothing in the record in this case to show that any different case would have been made by appellants if the notes, or copies thereof, had been exhibited with the cross-bill. When the notes were introduced in evidence, they showed the stipulation that there should be no personal liability on the part of appellant, beyond the value of her property covered by the deed of trust. Appellants did not claim surprise when the notes were introduced in evidence. They did not claim that the notes contained any stipulation whatever that they did not already know of. In other words, there is nothing in this record to show that appellants were prejudiced in any manner whatever by the failure on the part of appellee to exhibit the notes, or copies thereof, with its cross-bill. Appellants do not claim that a different case would have been made if the notes and deed of trust had been exhibited with the cross-bill. It appears, therefore, that it would be fruitless for the decree in this case to be reversed on that ground. The doctrine of harmless error applies. If the decree were reversed on that ground, the case would go back to the chancery court, where there would be another trial with the same result.

A personal decree was rendered against appellant Mrs. Mamie Thomas for the amount of the notes, interest, and the attorney's fee. This was error, and the appellee confesses the error, claiming that the decree was so written by inadvertence. To that extent the decree is reversed, but in all other respects it is affirmed, and a final decree

will be entered here in favor of appellee, with that modification.

Reversed in part and affirmed in part, and judgment entered here.

*Reversed.*
*Affirmed.*