## PAINE v. NEWTON.

(Division B. Nov. 27, 1939. Suggestion of Error Overruled Jan. 8, 1940.)

[192 So. 310. No. 33867.]

Harold Cox, of Jackson, for appellant.

846

E. W. Stennett, of Jackson, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellant prosecutes within time and appeals from two decrees against her in the Chancery Court, and in favor of appellee, J. E. Newton.

The procedure in the lower court was practically the same as depicted in the case of Paine v. Mikell, Miss., 192 So. 15, decided by Division B on the 13th day of November, 1939.

It is asserted by appellee that the two cases are controlled by the same principles of law, but we are of opinion that the factual situation renders it necessary for us to state the case.

We consider the case here on the direct appeal from the default decree rendered on the bill decree pro confesso and proof, and omit all reference to the decree on petition to file a bill of review.

The bill alleged a contract for sale of land entered into between Newton and appellant, Mrs. Paine, a breach thereof by her and effort to comply with his contract refusal by appellant to deliver to him a deed to the lands sought specific performance of the contract, or, in the alternative, damages for the breach thereof, with attorney's fees.

The other material allegations of the bill are as follows:

"That the defendant Mrs. Kathleen K. Paine is the owner of certain lots located in Pine Acres, a subdivision, located near the City of Jackson, in the First Judicial District of Hinds County, Mississippi, a map or plat of which is on file and of record in the office of the Chancery Clerk, in Jackson, Mississippi, reference to which plat is hereby made.

"That some time during the year 1937, or prior thereto, the defendant owner of said lots, engaged the services of one Willis Brown, a real estate dealer, to dispose of and sell certain of said lots, making said Brown her agent in said respects. That on or about the 19th day of

January, 1937, the said Willis Brown, agent of said defendants, and acting for and on behalf of his principal, entered into a contract with the complainant for the sale to complainant of certain of said property described as Lot 62, of Block B, of said Pine Acres, and that part of Lot 45 of said subdivision lying between the boundary lines of said Lot 62 extended in a straight line across said Lot 45. That said property was bought at and for the sum of $1,400.00; of which the sum of $100.00 was a cash down payment, and the remainder represented by 30 promissory notes in the sum of $15.00 each, payable monthly; and one note in the sum of $850.00 due in three years; and interest notes on the said $850.00 note calculated at the rate of six per cent and payable semi-annually. That a note or memorandum of said sale was made at said time; a copy of which is hereto attached, made a part hereof, and identified as exhibit 'A.' That said contract was later ratified by both defendants.''

Exhibit ''A'' was not attached to the bill, neither do the above allegations purport to set forth the contents of the written contract alleged to have been executed by Brown, as agent of Mrs. Paine, to sell and dispose of the lots of land as a real estate dealer.

Assuming that Exhibit ''A'' was in writing, then, that writing was the only basis of this lawsuit, and, not being attached to the bill, rendered it subject to demurrer. See Sections 526, 527, Code of 1930, and the cases of Palmetto Fire Insurance Company v. Allen, 141 Miss. 681, 105 So. 482, 483, 769; Home Insurance Company v. Newman, 147 Miss. 237, 111 So. 455.

These sections apply to the chancery court. See cases supra, and Thomas et al. v. B. Rosenberg & Sons, 153 Miss. 314, 120 So. 732.

This bill, as will be seen, nowhere alleges the substance of a written contract, but the pleaders' conclusions as the effect of the contract and not the terms thereof. The appellant not having appeared to make any admission, the failure to attach Exhibit ''A''—the written contract

—was not cured or waived as was the case in Thomas v. Rosenberg, supra.

However, the allegations as to the agency of Brown, the real estate dealer, in nowise shows that Mrs. Paine, the owner of the land, was bound thereby. The bill was for specific performance of a written contract for a conveyance, of some kind, and is wholly insufficient to sustain the final decree awarding that relief unless its contents in substantial form are therein alleged.

But, it may be said appellant did not appear, and the final decree is supported by a decree pro confesso.

The decree pro confesso does not supply material allegations necessary to render it a bill which states a case. The whole case necessarily was based on the omitted written contract alleged to have been executed between Newton and Brown. This contract was omitted from the bill nor was its material terms set forth so as to show liability of Mrs. Paine thereon, especially the authority of Brown. See Griffith's Mississippi Chancery Practice, 166A.

The transcript of the evidence shows that the contract was not offered in evidence, nor were its contents attempted to be established in any manner.

The bill by its allegations did not entitle Newton to a final decree for specific performance.

The question may be raised here on appeal for the first time. Paine v. Mikell, supra.

Reversed and decree for appellant.