BRITTON *v*. MAGNOLIA STATE CASKET & SUPPLY CO.

Division A. Dec. 11, 1950.

No. 37687 (49 So. (2d) 404)

Davis & Hammond, for appellant.

Dan M. Lee, for appellee.

Kyle, J.

This is an appeal by George W. Britton, doing business as Britton Funeral Home, defendant, from a default judgment entered against him in favor of the Magnolia State Casket & Supply Company, plaintiff, by the circuit court of Marion County.

The declaration was filed on June 18, 1949, and a summons was duly issued by the circuit court clerk on the same day, returnable to the circuit court on the third Monday of September, 1949. The summons was duly served by personal service on the defendant on June 20, 1949. The defendant failed to appear and answer the declaration on the return day, and a judgment by default was entered against him on September 23, 1949, for the sum of $499.05. An execution was issued on the judgment a few days thereafter and was levied by the sheriff on a funeral coach and other property owned by the defendant. The defendant executed an appeal bond and the sheriff released the property.

The declaration alleges that the Magnolia State Casket & Supply Company is a corporation, duly organized and existing under the laws of the State of Mississippi, and having its domicile in the City of Jackson, Hinds County, Mississippi, and that it purchased the assets of the First National Casket Company, in receivership, at a judicial sale ordered by the chancery court of the First Judicial District of Hinds County on the 15th day of January, 1949; that "said court sold the assets of every kind and character of the First National Casket Company, in receivership, specifically conveying the accounts receivable, to the Magnolia State Casket & Supply Company, and being properly assigned to the Magnolia State Casket & Supply Company by the court, the receiver and the books delivered to them." The declaration further alleges that the books and accounts assigned to the plaintiff show that the receiver, W. S. Hamilton, operated the corporation in receivership from the 9th day of July, 1948, until the 15th day of January, 1949, and that he shipped to the defendant during that period of time $722.25 worth of merchandise, the first shipment being made on the 21st day of September, 1948, and the last shipment being made on the 6th day of October, 1948. The declaration states that the above mentioned records, or a copy thereof, will be filed with the declaration as Exhibit 1 and made a part thereof, as if fully copied at length therein, in addition to the invoices and freight bills on the above mentioned merchandise. The declaration alleges that all of the above mentioned merchandise was ordered and accepted by the defendant and was used and disposed of by the defendant in connection with his funeral home business; and that there is a balance due and owing by the defendant on the above mentioned account in the sum of $499.05, for which amount the plaintiff sues and demands judgment.

The plaintiff attached to its declaration an account with the Britton Funeral Home, Columbia, Mississippi, which shows as debits seven invoice numbers aggregating the sum of $723.55 and seven bad checks aggregating

the sum of $445.25, making a total of debits in the sum of $1168.80, and nine credits aggregating the sum of $669.75. No invoices or freight bills, and no bad checks or copies of bad checks, were attached to the declaration. Only the invoice numbers and the dates and amounts of the bad checks are shown in the statement of account. No copy of the order of the chancery court authorizing the sale of the assets of the corporation by the receiver, and no written assignment of the assets or accounts receivable to the plaintiff, were filed with the declaration.

Appellant, in his assignment of errors and in his brief, contends that the judgment by default was improperly rendered and should be set aside because the appellee failed to attach to its declaration copies of the orders of the chancery court of Hinds County appointing the receiver for the First National Casket Company, Inc., and the order of the court assigning the assets of the First National Casket Company, Inc., to the appellee, or to set out in the declaration the substance of these orders, and that the appellee failed to attach to his declaration copies of the account books, invoices and freight bills, showing details of the merchandise purchased, which the declaration states are to be attached.

Appellant relies mainly upon the case of Paine v. Newton, 186 Miss. 844, 192 So. 310, to sustain this assignment of error. That case was a suit in the chancery court for specific performance of a contract to sell land. The complainant in that case alleged that the defendant owned certain lots near the city of Jackson, in Hinds County, Mississippi, and that sometime during the year 1937 the defendant employed one Willis Brown, a real estate dealer, to dispose of and sell the lots; that Brown as agent for the defendant entered into a contract with the complainant for the sale of a part of the property, which was described in the bill of complaint, for the sum of $1400, of which the sum of $100 was to be paid in cash and the remainder was to be represented by 30 promissory notes for the sum of $15 each, payable monthly, and one note for the sum of $850 due in three years.

The bill stated that a copy of the note and memorandum of sale was attached as Exhibit "A"; but Exhibit "A" was not attached to the bill. The defendant failed to appear and answer the bill of complaint, and a decree pro confesso was entered against her, and then a final decree. On appeal to this court the decree of the chancery court was reversed on the ground that the contract was omitted from the bill and that its material terms were not set forth in the bill so as to show liability of the defendant thereon, especially the authority of Brown, the real estate agent, to act for her. The contract involved in that case was a contract for the sale of land, and of course came within the statute of frauds; and the court made specific mention of the fact that the bill nowhere alleged the substance of the written contract.

We have no such case before us at this time. The declaration in the case which we now have before us states in a clear and concise manner the plaintiff's cause of action. █ That cause of action is based upon an open account for merchandise sold and delivered by the receiver of the First National Casket Company, Inc., to the defendant during the period of time mentioned in the declaration and according to the invoices which are referred to by number in the statement of account attached to the declaration. The declaration alleges that the account has been properly assigned to the plaintiff by the receiver under authority of a proper decree of the chancery court of Hinds County, and that there is a balance due on the account in the sum of $499.05. We think that, under the provisions of Section 1448 and Section 1470, Code of 1942, a copy of the order of the court appointing the receiver and a copy of the order of the court authorizing a sale of the assets of the First National Casket Company, in receivership, to the appellee, and copies of the invoices referred to in the declaration, should have been filed with the declaration; but we do not think that the failure of the appellee to file with the declaration copies of the orders of the chancery court and copies of the invoices, showing details of

the merchandise purchased, constitutes such a defect in pleading as to require a reversal of the judgment entered in this cause. If appellant had appeared in response to the summons and had answered the complaint filed against him, he could have made his objections in his answer, and those objections could have been met by the appellee filing copies of the orders of the court and copies of the invoices. The failure of the appellant to appear and object constituted a waiver of his right to object after a judgment by default had been entered against him.

In the case of Linton v. Skinner, 122 Miss. 613, 84 So. 800, the court held that the failure of an administrator, who sues in his representative capacity, to file a copy of his letters of administration, is waived by the defendant, unless he specifically objects thereto before verdict.

The appellant also complains that the appellee failed to attach to the declaration an itemized statement of the account showing in detail the items of merchandise sold and delivered to the appellant and by whom same were charged. This contention is based upon Section 1754, Code of 1942, which provides that:

"A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, and that it is due from the party against whom it is charged; and in any suit thereon such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due; . . . ".

This Court in the case of Parker v. Thornton, 206 Miss. 662, 40 So. (2d) 538, held that Section 1754, Code of 1942, is a rule of evidence and not one of pleading and practice. If the appellant had appeared and answered the declaration he could have raised the ob-

jection that the account was not properly itemized, and he could have demanded a bill of particulars. But his failure to appear and defend the suit constituted a waiver of his right to raise the objection that the account was not properly itemized.

▉▉ Complaint is also made that the judgment was not taken in the corporate name of the appellee. The declaration alleges that the Magnolia State Casket & Supply Company, plaintiff, is a corporation duly organized and existing under the laws of the State of Mississippi. The judgment shows the style and number of the cause, and the plaintiff's name is properly written in the body of the judgment. We think that is sufficient.

▉▉ Finally, appellant complains that the declaration was addressed to the county court of Marion County, which has no county court. The declaration was filed in the office of the clerk of the circuit court of Marion County, which was the County of the defendant's residence. The Court had jurisdiction of the subject matter of the suit and was the proper court in which the suit should have been filed. Process was duly issued and served upon the defendant commanding him to appear and defend the suit in the circuit court. The fact that the declaration itself failed to designate correctly the name of the court in which it was filed did not render it insufficient where it was filed in the proper court, and the defendant was not deceived or misled as to where the cause was to be tried. Miller v. Trice, Tex. Civ. App., 219 S. W. 229.

We think that the judgment of the circuit court should be affirmed.

Affirmed.