PRATHER, Justice,
for the Court:
B & M Building Supply Company, Inc., a Mississippi corporation, sought to enforce a materialman’s lien and secure a judicial sale of the real estate to which the lien was attached. The lien was procured by default judgment in a previous circuit court action filed by B & M Building Supply, a partnership, against Sharon Surrette and her husband, Jerry Surrette. From the Yalobusha County Chancery Court decree ordering a judicial sale of the Surrette’s real estate, this appeal by Sharon Surrette was taken.
The appellant alleges that the trial court erred in granting a decree to a corporate entity enforcing the materialman’s lien of a partnership. We concur and reverse the trial court’s order.
I.
On June 2,1982, B & M Building Supply, a partnership, filed a circuit court suit against Jerry and Sharon Surrette on an open account resulting from purchases made by Jerry Surrette of building supplies. Various purchases were made from July 20, 1981, through October 1, 1981, totaling $6,905.27. This action sought judgment for this amount, plus interest and attorney’s fees. Summons was served on Sharon Sur-rette on June 7, 1982 and on Jerry Surrette on July 27, 1982. Default judgment was entered against Sharon Surrette on August 6, 1982 and against Jerry Surrette on September 7, 1982 in the amount of $8,905.27. *552 In addition to the default judgment on each, the decree awarded to the plaintiff a materialman’s lien upon the property owned by the defendants and upon which the building supplies were used.
On September 20, 1982, B & M Building Supply Company, Inc., a Mississippi corporation, filed a lawsuit against Sharon Sur-rette declaring that none of the judgment had been paid. The suit asked for a judicial sale of the defendant’s property. On October 27, 1982, the chancellor ordered a judicial sale, and appeal is taken by Sharon Surrette.
II.
As a threshold question to this appeal is the appellee’s contention that a judgment taken pursuant to a default cannot be appealed by the defaulting party. The basis of this claim is that nothing was heard or addressed before the lower court and cannot be raised for the first time on appeal. This contention is answered in Simpson v. Smith Sons’ Gin & Machine Co., 75 Miss. 505, 22 So. 805 (1897), where this Court held:
Notwithstanding the decree pro confesso, the final decree, and the failure of the appellant to appear in the court below, if on the whole case as presented here it appears that the appellee was not entitled to relief, the decree must be set aside. (75 Miss. at 508, 22 So. at 806).
See e.g., Kennedy v. East Union Lumber & Mfg. Co., 92 Miss. 405, 46 So. 625 (1908). The question of the insufficiency of factual allegations to constitute a cause of action is not waived by default of a party defendant. 4 C.J.S. Appeal and Error § 155 (1957) at pages 523-524.
We, therefore, conclude that the appellant here does have standing to appeal the trial court’s order, and if on the merits of the appeal, can sustain her position, she may have relief in this Court even though judgment was secured by defendant’s default in the trial court.
III.
Addressing now the merits of this appeal, the default judgment and materialman’s lien was obtained in circuit court as a result of a lawsuit filed by B & M Building Supply, a partnership. The suit to enforce the materialman’s lien which resulted in an order by a chancery court to have the appellant’s property judicially sold, was brought by B & M Building Supply Company, Inc., a Mississippi corporation. There was not sufficient facts stated in the complaint to show that B & M Corporation had acquired the choses in action of the partnership. This argument is based on Mississippi Code Annotated section 11-7-3 (1972), wherein it is provided that:
The assignee of any chose in action may sue for and recover on the same in his own name, if the assignment be in writing. In case of a transfer or an assignment of any interest in such chose in action before or after suit brought, the action may be begun, prosecuted and continued in the name of the original party, or the court may allow the person to whom the transfer or assignment of such interest has been made, upon his application therefor, to be substituted as a party plaintiff in said action. If in any case a transfer or assignment of interest in any demand or chose in action be made in writing before or after suit is filed, to an attorney or firm of attorneys, appearing in the ease, it shall be sufficient notice to all parties of such assignment or transfer, if such assignment or transfer be filed with the papers in said cause, and such attorney or attorneys shall not be required to be made parties to said suit.
In the case sub judice no allegation in the complaint asserts the assignment of this judgment to the appellee. The judgment rests upon allegations of a complaint so deficient in substance as to negate a cause of action. Therefore, the judgment is void. 47 Am.Jur.2d Judgments § 1175 (1969). Compare, Britton v. Magnolia State Casket And Supply Co., 210 Miss. 264, 49 So.2d 404 (1950).
The complaint in the case sub judice did not set forth sufficient facts to show that B *553 & M Building Supply Company, Inc., a corporation, had a cause of action against the defendant. There is no “short and plain statement of the claim showing that the pleader is entitled to relief.” Mississippi Rules of Civil Procedure, Rule 8. (Emphasis added).
We, therefore, reverse the trial court and remand this cause for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and BROOM, P. JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.